**ARISTOTLE, INC., Plaintiff,**

v.

**NGP SOFTWARE, INC., Defendant.**

**Civ No. 05–1700(TFH).**

United States District Court,
District of Columbia.

May 13, 2010.

J. Blair Richardson, Aristotle International, Falls Church, VA, Robert L. Bredhoff, Stein, Mitchell & Mezines, Washington, DC, for Plaintiff.

Jeffrey L. Karlin, Eric L. Yaffe, Iris Figueroa Rosario, V, Gray, Plant, Mooty, Mooty & Bennett, P.A., Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

THOMAS F. HOGAN, District Judge.

Before the Court are the responses of Plaintiff Aristotle International, Inc. ("Aristotle"), Defendant NGP Software, Inc. ("NGP"), and Intervenor Capitol Advantage LLP ("CA" or "CapAd") to this Court's Order inviting the parties to show cause as to why the Court's Memorandum Opinion, dated March 12, 2010 [Dkt. No. 116] "and all docketed records and pleadings (including exhibits) cited therein should not be unsealed." Order (March 12, 2010). The order explains that the Court will lift the seal "[u]nless the Court finds cause to protect those documents, in whole or in part."[1] The memorandum

---

1. The Order also required the parties to attempt to schedule a status conference or hearing. After reviewing the filings and the entire record, the Court is satisfied that the Protective Order issue addressed here has been fully briefed and that the Court would not benefit from oral argument on that point. *Cf. Niedermeier v. Office of Baucus,* 153 F.Supp.2d 23,

opinion accompanying the order notes a likelihood that at least parts of the first two pages of the PAC Agreement were "improperly designated as confidential." Mem. Op. (March 12, 2010) at 27 (Under Seal). Mindful of the potential for abuse of the discovery process as well as the possible presence of sensitive information, the Court nevertheless provided NGP and Capitol Advantage with another opportunity to demonstrate with specificity that material cited in the memorandum opinion should remain protected from public scrutiny.[2]

### NGP's RESPONSE

■ NGP argues that its 2004 "PAC Partnership Agreement" ("PAC Agreement" or "Reseller Agreement") with Capitol Advantage should remain under seal because "[p]ublicly releasing the contract and the fact of the relationship will harm Capitol Advantage's goodwill and reputation, and it will also undermine NGP's ability to keep its business arrangement confidential." NGP's Resp. at 1. Confidentiality of commercial information would be a legitimate concern if the arrangement was truly confidential in the first place. But as this Court has noted, NGP President Nathaniel Pearlman testified in 2007

that disclosure of the contract would not harm NGP, and either NGP or Capitol Advantage has disclosed their relationship to individual customers. Mem. Op. at 26–7; see also Pl.'s Reply at 2–3. Backtracking, Mr. Pearlman now states that "had I known that [Aristotle] intended to use the information to falsely and misleadingly denigrate NGP, I may have responded differently to their [deposition] questions." Pearlman Decl. ¶ 5, NGP's Resp. Ex. 1 [Dkt. No. 123–1]. This claim is unconvincing, especially in light of the fact that NGP filed its counterclaim alleging false and misleading statements against Aristotle before Mr. Pearlman's deposition. See NGP's Counterclaim [Dkt. No. 45].

■ NGP also contends that Aristotle intends to use the contract's terms "in a false and misleading manner and to NGP's detriment."[3] Id. This suspicion is an inadequate basis to justify continued protection of the terms of the agreement discussed in the memorandum opinion. Having found an insufficient basis to grant summary judgment on NGP's counterclaims, the Court sees no reason to presume that lifting the seal will facilitate unlawful conduct by Aristotle.[4] NGP's Resp. at 4 n. 1.

---

31 (D.D.C.2001); see generally Pl.'s Conf. Mot. [Dkt. Nos. 50, 53]; NGP's Opp'n [Dkt. No. 82]; Intervenor's Opp'n [Dkt. No. 95]; NGP's Resp. [Dkt. No 121]; Intervenor's Resp. [Dkt. No. 122]; Pl.'s Resp. [Dkt. No. 125]; NGP's Reply [Dkt. No. 128]; Intervener's Supp. Mem. [Dkt. No. 131].

2. In light of the potential interests of Capitol Advantage, and the terms of the PAC Agreement, the Court also provided Capitol Advantage with an opportunity to show cause as to why the contract should not be unsealed. See PAC Agreement at 2 ("At NGP's discretion, CA or NGP may tell customers and prospects that NGP is the manufacturer of the CAPAC software product.").

3. NGP further claims that Aristotle "would never have received a copy of the contract

absent the Protective Order and the bringing of this litigation." While certainly not dispositive here, it bears noting that NGP provided Aristotle with the PAC Agreement pursuant to a "Stipulated Confidentiality Agreement" before the Court entered the terms of that agreement as an Order. NGP's Reply at 3 n. 1. Whatever other effect it might have, the timing of this limited disclosure does not diminish the confidentiality of discovery documents shared in good faith in this case.

4. Naturally, should Aristotle use such material to engage in defamation, false or misleading advertising, or a related violation to NGP's detriment, NGP may seek leave to amend their counterclaim and prove it at trial.

Citing *The Diversified Group, Inc. v. Daugerdas,* 217 F.R.D. 152, 159 (S.D.N.Y. 2003), NGP also argues that the presumption of public access to judicial documents does not apply with sufficient force to justify unsealing the PAC Agreement because the Court, in denying summary judgment, left a decision on the merits for another day.[5] NGP's Resp. at 7. The presumption is generally weaker under these circumstances, but it nevertheless favors public access to evidence that was instrumental to the Court's ruling. *See generally United States v. Graham,* 257 F.3d 143, 153 (2d Cir.2001). Absent significant countervailing factors, the Court should grant public access to the documents it relied upon. Here, the Court did not resolve the Parties' claims on summary judgment, but it did rely on factual evidence in the record, including sealed documents, to reach the conclusions set forth in its opinion. On balance, the Court finds that NGP has not shown cause as to why documents cited in that opinion should not be unsealed.[6]

■ Offering to provide redacted copies of the relevant pleadings within seven days of the Court's ruling, NGP additionally requests that information concerning its clients as well as contributions by Capitol Advantage's clients be kept under seal. NGP's Resp. at 11. Aristotle does not object to maintaining the seal on NGP's client list, but does oppose not lifting the seal on contributions made by Capitol Advantage's clients, arguing, without citation, that such information "is required by law to be public." Pl.'s Reply at 8. The parties do not cite to the record or to the memorandum opinion in their discussion of this information. The Court is hesitant to unseal information about customers without adequate briefing, especially where the parties are competitors. Accordingly, the Court finds that NGP and Capitol Advantage have shown cause to maintain protection of their customers' information, even if such information is contained in documents cited in the memorandum opinion.

## CAPITOL ADVANTAGE'S RESPONSE

■ Capitol Advantage argues that its relationship with NGP and its "Reseller Agreement" with NGP should remain under seal because Aristotle has not shown good cause for modifying the Protective Order. Intervenor's Resp. at 3–4 ("modifying the Order after the fact would have the effect of a bait and switch...."). The agreement was designated as confidential based upon a Stipulated Confidentiality Agreement and Protective Order, but Capitol Advantage misunderstands the applicable standard here, apparently believing that Aristotle bears the burden of persuasion. The protective order need not be modified if the Reseller Agreement was improperly designated as confidential. *See* Mem. Op. at 26. As explained in the Court's prior memorandum opinion in this case, the NGP/CA relationship has already been disclosed to third parties, and NGP's President has declared that public disclosure of the arrangement would not harm NGP. *Id.* CA contends that "[p]ublic dissemination of the Reseller Agreement and

---

**5.** NGP asks the Court to keep the agreement and its relationship with Capitol Advantage sealed "pending a final judgment in the case." NGP's Resp. at 7. "Should Aristotle ultimately prevail ... then NGP concedes that the reseller agreement would have to be disclosed." *Id.* Should this case proceed to trial, this would presumably require that that most of the trial be closed to the public.

**6.** NGP also requests that the Court dismiss the case as moot. NGP's Reply Br. at 9. The Court will not treat NGP's reply brief as a dispositive motion and accordingly declines to dismiss the case as moot.

the NGP/CA relationship would create a hardship for CA, particularly in light of the fact that the relationship has continued."[7] Intervenor's Resp. at 4. CA also alleges that "[i]t would create confusion if its customers were to learn that NGP is the true developer of the software." *Id.* Such conclusory statements alone are insufficient to overcome even a weak presumption in favor of public access. For the reasons described in the March 12, 2010 memorandum opinion, and in light of NGP and CA's failure to show cause as to why their contractual relationship should be treated as confidential information, the Court finds that the Reseller Agreement was improperly designated as confidential. With regard to their business relationship, Aristotle claims, and the Court generally agrees, that "[h]aving repeatedly let the horse out of the barn, NGP and CapAd simply have no good faith basis whatsoever to ask this Court to put it back in." Pl.'s Reply Br. at 6. Accordingly, the Court finds that CA, like NGP, has failed to show cause as to why the Reseller Agreement should not be unsealed.

## CONCLUSION

After consideration of the Parties' briefs, the Intervenor's briefs, and the entire record of this case, the Court will lift the seal on documents cited in its March 12, 2010 memorandum opinion with the exception of those pages that would reveal confidential business information about NGP or Capitol Advantage's clients. An order accompanies this memorandum opinion.

---

**7.** The PAC Agreement ostensibly expired in January 2009, but NGP and Capitol Advantage have "renewed their arrangement for another term ending on January 13, 2013." NGP's Resp. 3–4.